UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA HOSSNIEH, | No. 2:15-cv-00795-TLN-AC |
| Plaintiff, | |
| v. | ORDER |
| U.S. MARSHALS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to the undersigned by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

1

1 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3 490 U.S. at 327.
4     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5 which relief may be granted if it appears beyond a doubt that plaintiff can prove no set of facts in
6 support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
7 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt
8 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
9 this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).
13     Plaintiff alleges that on April 9, 2014, she was transferred from Sacramento County Jail to
14 a facility in Pahrump, Nevada (hereinafter "the Pahrump Facility"). ECF No. 1 at 1. While
15 plaintiff was being transferred, the Sacramento County Deputies were supposed to hand some of
16 her property over to the U.S. Marshals to be picked up by members of plaintiff's family. Id.
17 Instead, the deputies threw plaintiff's property away. Id. When plaintiff asked Sacramento
18 County to reimburse her for her lost property she was told that she would have to contact the U.S.
19 Marshals because she was a federal prisoner. Id. The U.S. Marshals, in turn, told her to file a tort
20 claim if she wanted to be reimbursed. Id.
21     Nevertheless, plaintiff apparently had some of her property with her at the time of her
22 transfer. Id. When she was transferred a second time to a federal facility on April 21, 2014, her
23 remaining property was supposed to be mailed home to her family. Id. Members of plaintiff's
24 family sent the Pahrump Facility $18 for postage fees but the facility lost plaintiff's property and
25 kept the $18. Id. Plaintiff was again told that she would have to obtain any reimbursement from
26 the U.S. Marshals, who again told her that she would have to file a tort claim. Id. at 1–2.
27 Plaintiff seeks $1,500 as reimbursement for her lost property from the U.S. Marshals. Id. at 2.
28 ////

The court finds that plaintiff's complaint does not contain a short and plain statement showing why she is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The facts alleged in plaintiff's complaint are commendably clear and the relief sought well articulated; however, plaintiff does not explain the legal basis for her claim. The only clue plaintiff has given as to what cause of action she may be intending to pursue is the fact that the U.S. Marshals instructed her to file "a tort claim." ECF No. 1 at 1–2. Plaintiff, however, cannot bring a tort claim against the U.S. Marshals.

"As sovereign, the United States 'can be sued only to the extent that it has waived its immunity' from suit." O'Toole v. United States, 295 F.3d 1029, 1033 (9th Cir. 2002). And while the Federal Tort Claims Act ("FTCA") does waive the government's immunity from tort claims, 28 U.S.C. § 2674, it does not authorize tort claims based on the "detention of any . . . property by any . . . law enforcement officer." 28 U.S.C. § 2680(c); see also United States v. Norwood, 602 F.3d 830, 833 (7th Cir. 2010). This means that plaintiff cannot state a FTCA claim against the U.S. Marshals based on the loss of her property while in custody. See Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 806 (9th Cir. 2003) (holding that U.S. Bureau of Prisons officers constitute "law enforcement officers" under § 2680(c) in accordance with the majority, more expansive interpretation of the term). Even if plaintiff could state a FTCA claim against the U.S. Marshals she would still have to allege exhaustion of her administrative remedies, which she has not done. 28 U.S.C. § 2675(a); Osborn v. Haley, 549 U.S. 225, 234 (2007).

Although plaintiff cannot bring a FTCA claim against the U.S. Marshals, she is not without a remedy. 31 U.S.C. § 3724 authorizes the Attorney General to settle claims for losses up to $50,000 caused by law enforcement personnel. It merits noting that the statute does not provide for any judicial review of the Attorney General's decision. 31 U.S.C. § 3724(b); Norwood, 602 F.3d at 836 ("We note the absence of judicial review of the Attorney General's decision on whether or on what terms to settle a claim . . . . In other words, victims of torts by federal law enforcement agents are remitted to an administrative remedy that is final.").

Plaintiff is cautioned that if she chooses to file an amended complaint, she must submit a short and plain statement in accordance with Federal Rule 8(a) pointing to some cognizable legal theory that entitles her to relief. Any amended complaint must also show that the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if her allegations are true. The amended complaint should contain separately numbered, clearly identified claims.

In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

2. Plaintiff's complaint, ECF No. 1, is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of

4

the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  April 29, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE